MARY F. WILCOX AS GUARDIAN OF MINNIE F. PERKINS, AN INFANT, APPELLANT, v. JAMES A. VAN SCHAICK, RESPONDENT.

*Guardian — accounting by — he cannot compel the property of his ward to contribute to pay tax, assessed against him individually.*

APPEAL from a decision of the surrogate of Saratoga county, in the matter of the accounting of James A. Van Schaick, as guardian of Minnie F. Perkins, formerly Wilcox.

Van Schaick was the guardian of Minnie F. Perkins; and he and one Watson were administrators, with the will annexed, of one Wilcox; under which will the ward was entitled to one-eighth of the residuum. He acted as guardian for ten years; and during that time he kept no separate account; deposited the moneys received by him, as guardian, in his own name; invested moneys in his own name, and took no securities in the name of the infant; and never credited the infant the interest on any specific bond and mortgage.

After considering certain other questions, the court, at General Term, said : "The defendant was also allowed a certain share of taxes assessed against him, individually, for personal estate for several years. And this allowance was made on the ratio that his own personal property bore to the personal property of his ward. The defendant appears to have been assessed, individually, as executor and as guardian. He explains the assessment as executor and as guardian to refer to other estates than that of this infant. And he claims that part of the personal estate for which he was individually assessed was really her property. But the surrogate finds that the defendant owned, individually, during these several years, the sum of $10,000 personal property. And the amount of his assessment on personal property was never over $6,000, and sometimes only $4,000. It does not, therefore, appear that he ever paid an assessment upon a greater amount of personal property than he owned. On what principle, then, should this infant be charged? He was not assessed as her guardian (1 R. S. [m. p.], 391, § 10). It would be wrong to permit him now,

when he has not been assessed on all his own property, to throw part of his taxes upon her, on the ground that he has successfully concealed from the assessors that he held some personal property as her guardian. In other words, he claims that she should pay his taxes, because her property was not taxed. This will not answer."

*Putnam & Eustis*, for the appellant.

*Edgar L. Fursman*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J.; BOCKES and BOARDMAN, JJ.

Decree modified so as to charge defendant with the $3,210, and interest, and so as to disallow the assessments made, and to be made, in respect to the bank stock as a credit, and also so as to disallow that portion of the taxes on the personal estate allowed by the decree, with costs of appeal against defendant, personally.